**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINA TAMPI, | No. 11-72700 |
| Petitioner, | |
| v. | Agency No. A099-365-529 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Christina Tampi, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that Tampi's experiences in Indonesia, even considered cumulatively, did not rise to the level of persecution.  *See id.* at 1059-60; *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("[t]hreats . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks and citation omitted).  Further, contrary to Tampi's contention, even under a disfavored group analysis she failed to show sufficient individualized risk of harm as a Christian in Indonesia to establish a well-founded fear of persecution.  *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009).  Thus, the record does not compel reversal of the agency's denial of Tampi's asylum claim.  *See id.*

Because Tampi failed to meet the lower burden of proof for asylum, her withholding of removal claim necessarily fails.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).  We reject Tampi's contention that the IJ failed to consider evidence in assessing her withholding of removal claim.

11-72700

Finally, Tampi does not make any arguments challenging the agency's denial of CAT protection. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**